[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 31, 2011
JOHN LEY
CLERK

_____

No. 10-13097
Non-Argument Calendar

_____

D.C. Docket No. 8:09-cr-00547-EAK-MAP-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELLO WOODWARD,
a.k.a. Ello Woodard,
a.k.a. Don Juan Powers,
a.k.a. Tom Card,
a.k.a. Michael Rookes,
a.k.a. Carl Hale,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 31, 2011)

Before BARKETT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Ello Woodward appeals his conviction for (i) conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii) and 846 (Count One); (ii) attempt to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B)(ii) and 846 (Count Two); (iii) possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three); and (iv) possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Five). On appeal, Woodward argues that the district court's waiver colloquy was legally insufficient to support a conclusion that he knowingly, intelligently, and voluntarily waived his Sixth Amendment right to counsel and chose to proceed *pro se*, and, as a corollary, that the court failed to properly inquire into whether a substitute attorney should have been appointed for Woodward.

A district court's determination that a defendant's waiver of his Sixth Amendment right to assistance of counsel is valid is a mixed question of law and fact that we review *de novo*. *United States v. Kimball*, 291 F.3d 726, 730 (11th Cir. 2002). On direct appeal, the government bears the burden of proving that the waiver was valid. *United States v. Cash*, 47 F.3d 1083, 1088 (11th Cir. 1995).

2

We have explained that the right to self-representation is a constitutional right which is closely tied to the right to representation by counsel. *See United States v. Garey*, 540 F.3d 1253, 1262-63 (11th Cir. 2008) (*en banc*). While the Sixth Amendment guarantees the right to assistance of counsel, it does not give indigent defendants the unqualified right to counsel of their choice. *Id.* at 1263-64. However, upon a showing of good cause, an indigent defendant may receive substitute appointed counsel. *Id.* at 1263. "Good cause" is limited to fundamental problems, "such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict." *Id.* (quotation omitted). A general loss of confidence or trust in counsel, standing alone, does not amount to good cause. *Thomas v. Wainwright*, 767 F.2d 738, 742 (11th Cir. 1985) (habeas context).

Upon review of the record and consideration of the parties' briefs, we affirm. A review of the record in light of the relevant factors indicates that Woodward's waiver of his Sixth Amendment right to counsel and decision to proceed *pro se* was knowing, intelligent, and voluntary. Woodward unequivocally expressed his desire to proceed *pro se* on at least three separate occasions (and knew that he could reconsider his decision to proceed *pro se* at anytime), had continual contact and assistance from the appointed counsel before trial and

3

during the trial as standby, was aware of the charges against him, had a general understanding of the rules of the court, had a lengthy criminal history, claimed to have legal knowledge, and appeared to acknowledge the hazards of self-representation.  Moreover, he argued the merits of his pre-trial motions (citing both cases and statutes), cross-examined witnesses, and made objections.

In addition, the district court did not have to inquire into whether a substitute counsel should have been appointed for Woodward, or whether a total breakdown in communication had occurred between Woodward and his counsel, because Woodward never moved for appointment of new counsel, and the district court had no reason to replace Woodward's original counsel.  Woodward failed to show good cause for substitution of counsel, and the court determined that Woodward's counsel was a qualified and competent attorney with experience in criminal law.

**AFFIRMED.**